## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JOHN W. WINNINGHAM, JR.**                                                          **PLAINTIFF**

**v.**                                    **Case No. 4:20-cv-00312-KGB**

**SCOTT SEIDERS,** *et al.*                                                          **DEFENDANTS**

## ORDER

Before the Court is the motion to dismiss of separate defendants District Judge Mark Pate and Prosecuting Attorney for the Seventh Judicial District of Arkansas, Rebecca McCoy (collectively "Defendants") (Dkt. No. 28). Plaintiff John W. Winningham, Jr., filed a response to the motion to dismiss, an addendum to his complaint, an addendum to his response in opposition to the motion to dismiss, two notices, and an affidavit in response to the motion to dismiss (Dkt. Nos. 30; 31; 32; 34; 35; 36). Defendants have replied to Mr. Winningham's response to the motion to dismiss (Dkt. No. 33).

Also pending are Mr. Winningham's motions to strike the defendants' motion to dismiss (Dkt. Nos. 37; 40; 42; 51). Defendants have responded in opposition to Mr. Winningham's motions to strike (Dkt. Nos. 38; 41).

Finally, before the Court is Mr. Winningham's motions for judgment on the pleadings (Dkt. Nos. 47; 52; 54). Defendants have responded in opposition to the motions for judgment on the pleadings (Dkt. Nos. 49; 53; 55).

The Court first addresses, and for the reasons stated herein grants, defendants' motion to dismiss (Dkt. No. 43). Having granted defendants' motion to dismiss, the Court denies as moot Mr. Winningham's motions to strike defendants' motion to dismiss and Mr. Winningham's motions for judgment on the pleadings against Defendants (Dkt. Nos. 37; 40; 42; 47; 51; 52; 54).

At this time, the Court also denies Mr. Winningham's motion for judgment on the pleadings against Officer Seiders because there is no evidence on the record before the Court that Mr. Winningham has served Officer Seiders with a summons and the amended complaint, and the time for doing so has passed. *See* Fed. R. Civ. P. 4(m).  The Court orders Mr. Winningham to show cause for his failure to serve defendant Officer Seiders with a summons and complaint within 21 days of the date of this Order.

## I.      Background

Mr. Winningham filed a *pro se* amended complaint alleging claims pursuant to 42 U.S.C. § 1983 against Officer Seiders, Judge Pate, and Prosecutor McCoy based on Mr. Winningham's arrest on November 26, 2016, in White County, Arkansas, for public intoxication (Dkt. No. 26).  Prosecutor McCoy charged Mr. Winningham with public intoxication, and Judge Pate presided over a bench trial on April 18, 2017, at which the White County, Arkansas, District Court found Mr. Winningham guilty of the charge of public intoxication (Dkt. No. 28, ¶ 2).  *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. Winningham*, Case No. SES-16-3745, Trial Held (April 18, 2017).

In his amended complaint, Mr. Winningham alleges that he is innocent of the "falsified charge" of public intoxication (Dkt. No. 26, at 1).  Mr. Winningham brings claims of false arrest and false imprisonment, malicious prosecution, and a claim of civil conspiracy (Dkt. No. 26).  Mr. Winningham also claims Defendants are guilty of multiple federal crimes (Dkt. Nos. 26; 31).  For relief, Mr. Winningham seeks 20 million dollars and asks that the Court dismiss immediately the charge of public intoxication (Dkt. Nos. 26, at 1-2; 31, at 1, 10).

## II.     Defendants' Motion To Dismiss

### A.      Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations" to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).  However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  A court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than

formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### B.   Discussion

#### 1.   Sovereign Immunity

Unless a complaint contains "a clear statement that officials are being sued in their personal capacities," the court interprets the complaint as bringing only official capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Here, there is no clear statement in Mr. Winningham's amended complaint that he is suing any of the Defendants in their personal capacities (Dkt. No. 26).

The Court understands that Defendants assert that they are entitled to sovereign immunity to the extent that Mr. Winningham has sued them in their official capacities and seeks money damages. Both Judge Pate and Prosecutor McCoy were state officials at the time of the alleged acts giving rise to Mr. Winningham's claims.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Treleven v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996). Section 1983 claims against the State of Arkansas and its agencies are barred by the Eleventh Amendment. *Murphy*, 127 F.3d at 754 (citing *Quern v. Jordan*, 440 U.S. 332, (1979)); *Alabama v. Pugh*, 438 U.S. 781 (1978). "Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private

citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power." *Smith v. Beebe*, 123 Fed. App'x. 261, 262 (8th Cir. 2005) (*per curiam*).  Arkansas has not consented to be sued in the federal courts pursuant to § 1983, nor did Congress abrogate the states' sovereign immunity when it enacted § 1983.  *Id*. (citing *Will*, 491 U.S. at 66-67).  However, when a state official is sued for injunctive relief, he or she "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

To the extent that Mr. Winningham seeks money damages against Defendants in their official capacities, Mr. Winningham's § 1983 claims against Defendants are barred by sovereign immunity.

### 2.    Individual Capacity Claims Against District Judge Mark Pate

Even if the Court were to assume that Mr. Winningham raised properly individual capacity claims against Judge Pate, Judge Pate is entitled to judicial immunity.  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57

(1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 336 (1871)).  Section 1983 specifically states that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity."  *Simes v. Ark. Judicial Discipline and Disability Com'n*, Case No 4:10-cv-01047, 2012 WL 4460264, at \*7 (E.D. Ark. Sept. 27, 2012).  Further, judicial immunity bars declaratory relief where a litigant "seeks only a declaration of past liability, not a declaration of future rights . . . ."  *Id*. at \*8 (citing *Lawrence v. Kuenhold* 271 Fed. App'x 763, 766 (10th Cir. 2008)).

Mr. Winningham has not alleged that Judge Pate acted in the clear absence of all jurisdiction, and the doctrine of absolute judicial immunity applies here.  Accordingly, the Court grants defendants' motion to dismiss with prejudice Mr. Winningham's individual-capacity claims against Judge Pate (Dkt. No. 28).

### 3.  Individual Capacity Claims Against Prosecuting Attorney Rebecca McCoy

Even if the Court were to assume that Mr. Winningham raised properly individual capacity claims against Prosecutor McCoy, the Court must also dismiss these claims.  Similar to judges, "[p]rosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions."  *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity.").  However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Here, there is no dispute that Prosecutor McCoy was acting in her capacity as the prosecuting attorney in deciding to file charges

against Mr. Winningham.  Accordingly, the Court dismisses Mr. Winningham's claims for damages against Prosecutor McCoy in her individual capacity.

Prosecutors do not, however, receive absolute immunity from claims for declaratory and injunctive relief.  *Simes v. Ark. Judicial Discipline and Disability Com'n*, Case No 4:10-cv-01047, 2012 WL 4460264, at *7 (E.D. Ark. Sept. 27, 2012) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam)).  To the extent that Mr. Winningham seeks declaratory relief by asking the Court to declare the charge of public intoxication dismissed, Mr. Winningham's claim is barred because that type of relief goes to Mr. Winningham's past liabilities rather to any future rights.  *See Andrews v. Hans-Greco*, 641 Fed. App'x 176, 181 (3rd Cir. 2016) (concluding that complaint sought retrospective relief where claims focused on documents already submitted and already denied) (citation omitted); *see also Vreeland v. Griggs*, No. 12-cv-01921, 2014 WL 1363932, at *1 (D. Colo. Apr. 7, 2014) (finding that issuing an opinion that the defendant wrongly harmed plaintiff is an impermissible retrospective declaration).  Thus, for these reasons, the Court dismisses Mr. Winningham's request for declaratory relief against Prosecutor McCoy in her individual capacity.

### 4.  *Heck v. Humphrey* Bar

To the extent that Mr. Winningham asks this Court to dismiss the charge of public intoxication, Mr. Winningham's claims are also barred because judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996).  In *Heck*, the Supreme Court held that an action for damages is barred if a judgment in plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of

7

habeas corpus. *Heck*, 512 U.S. at 486-87. The *Heck* bar applies to claims for equitable relief. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) ("Under *Heck*, however, we disregard the form of relief sought and instead look to the essence of the plaintiff's claims.") (citations omitted); *see Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (applying *Heck* bar to claims for monetary, declaratory, and injunctive relief). This Court interprets Mr. Winningham's claims as a request for this Court to declare Mr. Winningham innocent of his state criminal conviction (Dkt. No. 31, at 2). If the Court were to grant Mr. Winningham the requested relief, then the state court judgment against him would be called into question. *See Harper v. Coffey*, No. 4:15-CV-3033, 2015 WL 4425584, at *3 (D. Neb. July 20, 2015) (holding that *Heck* bar applied where defendant sued prosecutor and state court judge for their actions during defendant's state criminal proceedings). The Court notes that Mr. Winningham has presented no evidence that his state court conviction has been invalidated in any other forum or by any other means. Therefore, to the extent Mr. Winningham's claims call into question his state court conviction, the Court finds that Mr. Winningham's claims against Defendants are *Heck*-barred.

### 5.      Statute Of Limitations

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). The Eighth Circuit has observed that, in Arkansas, the general personal-injury statute of limitations is three years. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Morton v. City of Little Rock*, 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims in Arkansas have a three-year statute of limitations.

Although courts look to state law for the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "The general rule is that a claim accrues at the time of the plaintiff's injury." *Osborn v. United States*, 918 F.2d 724, 731 (8th Cir. 1990) (citing *Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir. 1987)).

In this case, Mr. Winningham's complaint was filed on March 25, 2020. Thus, Mr. Winningham's claims are time-barred if they accrued before March 25, 2017, three years before this action was commenced. Accordingly, to the extent that Mr. Winningham asserts claims of illegal search and seizure, claims related to his arrest on November 26, 2016, or claims related to his detention from the time of his arrest on November 26, 2016, until he was released on November 27, 2016, the Court dismisses those claims as time-barred.

### 6.    Malicious Prosecution

It is unclear to the Court whether Mr. Winningham intends to assert a malicious prosecution claim under § 1983 or Arkansas law. The Supreme Court "has not defined the elements of" a malicious prosecution § 1983 claim, *see McDonough v. Smith*, 139 S. Ct. 2149, 2156 n.3 (2019) (citing *Manuel v. Joliet*, 137 S. Ct. 911, 921-22 (2017)), or decided "whether a claim of malicious prosecution may be brought under the Fourth Amendment," *Manuel*, 137 S. Ct. at 923 (Alito, J., dissenting). The Eighth Circuit, however, addresses a Fourth Amendment cause of action regarding malicious prosecution in *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016). In *Stewart*, the Eighth Circuit held that "a § 1983 plaintiff's claim that he was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, 'must be judged' under the Fourth Amendment, not substantive due process." *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 270-71 & n.4 (1994)); *but see Bates v. Hadden*, 576 Fed. App'x 636, 639 (8th Cir. 2014) ("In a pair of 2001 decisions, we observed that malicious prosecution is not a constitutional injury. As recently as 2012, we expressed uncertainty as to whether 'malicious prosecution is a constitutional violation at all.'" (quoting *Harrington v. City of Council Bluffs, Ia.*, 678 F.3d 676, 679 (8th

Cir. 2012) (internal citations omitted)); *Harrington*, 678 F.3d at 679 ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment.").

The Eighth Circuit has been clear that an allegation of malicious prosecution without a corresponding constitutional violation cannot sustain a civil rights claim under § 1983.  *See, e.g.*, *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("[A]n allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983."); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (stating that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury."); *McNees v. City of Min. Home*, 993 F.2d 1359, 1361 (8th Cir. 1993) (stating that a claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury).  This Court, for reasons explained in this Order, finds no underlying federal constitutional violation corresponding with Mr. Winningham's alleged malicious prosecution claim against Defendants. Therefore, Eighth Circuit precedent dictates that the Court dismiss Mr. Winningham's malicious prosecution claim brought pursuant to § 1983 against Defendants.  *See Joseph*, 712 F.3d at 1228; *Kurtz*, 245 F.3d at 758; *Technical Ordinance*, 244 F.3d at 650; *McNees*, 993 F.2d at 1361.

To the extent that Mr. Winningham alleges malicious prosecution as a common law tort claim, Arkansas law requires a plaintiff claiming malicious prosecution to prove:  "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Brooks v. First State Bank, N.A.,* 374 S.W.3d 846, 849 (Ark. 2010).  Here, there is no indication that the White County, Arkansas, District Court's proceeding against Mr. Winningham was terminated in Mr. Winningham's favor.  Therefore, Arkansas law dictates that the Court dismiss Mr. Winningham's state common law malicious prosecution claim against Defendants

### 7. Civil Rights Conspiracy

Mr. Winningham alleges that Defendants conspired to violate his federal constitutional rights.  To prove a civil rights conspiracy under 42 U.S.C. § 1985, Mr. Winningham must prove: (1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States. *Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) (citing *Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996)).

For the first element, Mr. Winningham "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 685 (8th Cir. 2012) (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)).  "Mere speculation or conjecture is insufficient to prove a civil conspiracy." *Mendoza v. U.S. Immig. & Customs Enf't*, 849 F.3d 408, 421 (8th Cir. 2017) (citing *Mettler*, 165 F.3d at 1206).  Mr. Winningham can satisfy this burden by "point[ing] to at least some facts which would suggest that [defendants] reached an understanding to violate his rights." *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989) (alteration, citation, and internal quotation marks omitted).

Mr. Winningham makes only vague references to a conspiracy without alleging any particular or specific facts suggesting that Defendants were acting beyond the scope of their authority or for their own benefit (Dkt. No. 26).  *See Crutcher-Sanchez*, 687 F.3d at 987 (recognizing that "government agents may conspire by acting beyond the scope of their authority or for their own benefit").  Mr. Winningham bases his conspiracy claims on pure speculation, and

the facts alleged in support of his civil conspiracy claim are baseless.  Additionally, a civil conspiracy must be premised on the violation of a constitutional right, and, for the reasons set forth above, Mr. Winningham has not plead a viable constitutional claim against Defendants.  *See Mendoza*, 849 F.3d at 421 (stating that a civil conspiracy claim "necessarily fails" in the absence of a constitutional violation); *Askew v. Millerd*, 191 F.3d 953, 957–59 (8th Cir. 1999) (same).  Accordingly, the Court finds that Mr. Winningham has failed to allege a viable conspiracy claim.

### 8.    Claims Under Title 18

Throughout his pleadings, Mr. Winningham asserts that Defendants have violated several federal criminal statutes including 18 U.S.C. §§ 241, 242, 1001, and 1951 (Dkt. No. 26, at 5).  Mr. Winningham lacks standing to bring criminal charges against Defendants.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion,") (quoting *United States v. Batchelder,* 442 U.S. 114 (1979)).  Accordingly, the Court denies Mr. Winningham's claims alleging violations under Title 18 against these Defendants.

### III.    Mr. Winningham's Motions To Strike

Mr. Winningham seeks to strike defendants' motion to dismiss (Dkt. Nos. 37; 40; 42; 51). The Court, having granted defendants' motion to dismiss, denies as moot Mr. Winningham's motions to strike defendants' motion to dismiss (*Id.*).

### IV.    Mr. Winningham's Motion For Judgment On The Pleadings

Mr. Winningham moves for judgment on the pleadings against Defendants as well as separate defendant Officer Scott Seiders (Dkt. Nos. 47-1; 52; 54).  Because the Court is granting

defendants' motion to dismiss, the Court denies as moot Mr. Winningham's motion for judgment on the pleadings as to separate defendants Judge Pate and Prosecutor McCoy.

As to Mr. Winningham's motion for judgment on the pleadings against separate defendant Officer Seiders, the Court denies Mr. Winningham's motion because there is no evidence on the record before the Court that Mr. Winningham has served Officer Seiders with a summons and the amended complaint, and the time for doing so has passed. *See* Fed. R. Civ. P. 4(m). The Court hereby orders Mr. Winningham to show cause for his failure to serve Officer Seiders within 21 days of the date of this Order. Failure to show cause will result in the Court's dismissal of Officer Seiders as a defendant in this case.

**V.   Conclusion**

It is therefore ordered that:

1.   The Court grants defendants' motion to dismiss (Dkt. No. 28).

2.   The Court denies as moot Mr. Winningham's motions to strike defendants' motion to dismiss (Dkt. No. 37; 40; 42; 51).

3.   The Court denies as moot Mr. Winningham's motions for judgment on the pleadings as to Judge Pate and Prosecutor McCoy (Dkt. No. 47-1; 52; 54).

4.   The Court denies Mr. Winningham's motion for judgment on the pleadings as to Officer Seiders because there is no evidence on the record before the Court that Officer Seiders has been served with a summons and amended complaint (Dkt. No. 47-1; 52; 54).

5.   The Court orders Mr. Winningham to show cause for his failure to serve Officer Seiders within 21 days of the date of this Order.

It is so ordered this 22nd day of February, 2022.

Kristine G. Baker
United States District Judge